**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| AUTOCONNECT HOLDINGS LLC, | § | |
| | § | |
| Plaintiff, | § | Case No. 2:24-cv-00802-JRG-RSP |
| v. | § | (Lead Case) |
| | § | |
| TOYOTA MOTOR CORPORATION, et al., | § | |
| | § | |
| | § | |
| Defendants. | | |

| | | |
|---|---|---|
| AUTOCONNECT HOLDINGS LLC, | § | |
| | § | |
| Plaintiff, | § | Case No. 2:24-cv-00877-JRG-RSP |
| v. | § | (Member Case) |
| | § | |
| GENERAL MOTORS LLC, | § | |
| | § | |
| Defendant. | § | |

**AUTOCONNECT'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO ANTICIPATION AND NO OBVIOUSNESS**

# TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. STATEMENT OF ISSUES ..... 2

III. OVERVIEW OF DEFENDANTS' INVALIDITY GROUNDS ..... 2

IV. STATEMENT OF UNDISPUTED MATERIAL FACTS ..... 3

A. SYNC Generation 1 and Generation 2 Grounds ..... 3

B. MirrorLink Grounds ..... 4

C. '100 Patent Grounds ..... 5

V. LEGAL STANDARDS ..... 5

A. Anticipation ..... 5

B. Obviousness ..... 6

VI. ARGUMENT ..... 7

A. SYNC Generation 1 and 2 Do Not Anticipate or Render Obvious Claims 11-15 of the '491 Patent or Claims 11-13 and 15 of the '560 Patent Because They Undisputedly Lack "Two BLUETOOTH Transceivers." ..... 7

B. MirrorLink Does Not Render Obvious Claims 11-16 of the '491 Patent or Claims 11-13 and 15 of the '560 Patent Because Defendants Offer No Evidence or Analysis Supporting an Obviousness Theory. ..... 9

C. Litichever, Knechtel, and Mabuchi Do Not Render the '100 Patent Claims Obvious Because Defendants Do Not Identify Missing Limitations or How POSITA Knowledge Would Supply Them. ..... 10

VII. CONCLUSION ..... 12

# TABLE OF AUTHORITIES

## Cases

*ActiveVideo Networks, Inc. v. Verizon Comms. Inc.*,
694 F.3d 1312 (Fed. Cir. 2012) ........ 6, 12

*Amgen Inc. v. F. Hoffman-La Roche Ltd.*,
580 F.3d 1340 (Fed. Cir. 2009) ........ 5, 6

*Arendi S.A.R.L. v. Apple Inc.*,
832 F.3d 1355 (Fed. Cir. 2016) ........ 6

*KSR Int'l Co. v. Teleflex, Inc.*,
550 U.S. 398 (2007) ........ 10

*Lewmar Marine, Inc. v. Barient, Inc.*,
827 F.2d 744 (Fed. Cir. 1987) ........ 6, 8, 9

*Motorola Mobility, LLC v. Int'l Trade Comm'n*,
737 F.3d 1345 (Fed. Cir. 2013) ........ 6, 12

*Nanology Alpha LLC v. WITec Wissenschaftliche Instrumente und Technologie GmbH*,
Civ. No. 6:16-cv-00445-RWS, 2018 WL 4289342 (E.D. Tex. Jul. 11, 2018) ........ 10

*Navico Inc. v. Garmin Int'l, Inc.*,
No. 2:16-CV-00190-JRG-RSP, 2017 WL 3816110 (E.D. Tex. Aug. 16, 2017) ........ 5, 8

*Novartis AG v. Torrent Pharms. Ltd.*,
853 F.3d 1316 (Fed. Cir. 2017) ........ 6

*Schering Corp. v. Geneva Pharms.*,
339 F.3d 1373 (Fed. Cir. 2003) ........ 5, 8

## Statutes

35 U.S.C. § 103(a) ........ 6, 9

## I. INTRODUCTION

Defendants' invalidity theories fail because they lack the evidentiary support required to create a genuine dispute of material fact. Rather than identifying prior art that discloses each limitation or providing a reasoned obviousness analysis, Defendants rely on expert opinions that either concede the absence of required claim elements or offer only conclusory assertions.

Defendants' SYNC Generation 1 and SYNC Generation 2 theories fail because their expert admits those systems do not include the claimed requirement of "two or more BLUETOOTH transceivers" in certain asserted claims of the '491 and '560 patents. Faced with that absence, Defendants refer to AutoConnect's doctrine-of-equivalents theory for infringement, which cannot establish anticipation and does not substitute for the analysis required to prove obviousness. Nor does Defendants' expert attempt to address how the missing limitation would be supplied in his obviousness opinions. Summary judgment is therefore appropriate as to the SYNC-only grounds.

Defendants' MirrorLink-based theories fail for a different but equally dispositive reason. Although their expert asserts that MirrorLink "renders obvious" the asserted claims, his report contains no analysis identifying differences, proposing modifications, or explaining why a POSITA would have been motivated to make such modifications. Conclusory assertions of obviousness are insufficient to create a triable issue.

The same defect applies to Defendants' obviousness theories for the '100 patent. There, Defendants' expert relies on the "knowledge" of a POSITA, but fails to identify which claim limitations are missing, what knowledge would supply them, or why a POSITA would have been motivated to incorporate that knowledge with a reasonable expectation of success.

Across these grounds, Defendants offer no evidence addressing required claim limitations or the elements of an obviousness analysis. Without such evidence, no reasonable jury could find the asserted claims invalid on the challenged grounds.

## II. STATEMENT OF ISSUES

1. Whether Defendants' SYNC Generation 1 and Generation 2 invalidity theories fail as a matter of law where Defendants' expert concedes that those systems do not disclose the claimed requirement of "two BLUETOOTH transceivers," precluding anticipation and rendering any corresponding SYNC-only obviousness theory unsupported.

2. Whether Defendants' MirrorLink-based obviousness theories fail as a matter of law where Defendants' expert offers no analysis identifying differences between MirrorLink and the claimed inventions, no proposed modifications to bridge those differences, and no motivation for a POSITA to make such modifications.

3. Whether Defendants' obviousness theories for the '100 patent fail as a matter of law where Defendants' expert relies on unspecified "knowledge" of a POSITA without identifying missing claim limitations, the knowledge that would supply those limitations, or any motivation to combine that knowledge with references.

## III. OVERVIEW OF DEFENDANTS' INVALIDITY GROUNDS

Defendants rely on three experts to advance invalidity theories against the asserted AutoConnect patents, two of whom are at issue in this motion. For U.S. Patent Nos. 9,020,491 and 9,140,560, both Toyota and GM rely on the opinions of Dr. Kevin Almeroth. For U.S. Patent No. 9,173,100, which is asserted only against GM, GM relies on the opinions of Mr. Christopher Wilson. Each expert organizes his opinions into a series of "grounds," which assert anticipation or obviousness based on specific prior art systems or combinations.

This motion is directed to a subset of those grounds—specifically, single-reference theories based on the SYNC Generation 1, SYNC Generation 2, and MirrorLink systems, as well as three grounds for the '100 patent that rely on individual references combined with the alleged knowledge of a POSITA. The grounds at issue are summarized below:

| Expert | Patent | Claims | Ground | Reference | Theory |
|---|---|---|---|---|---|
| Dr. Almeroth | ’491 | 11-15 | Ground 3 | SYNC Gen 1 | Anticipation |
| Dr. Almeroth | ’491 | 11-15 | Ground 4 | SYNC Gen 1 | Obviousness |
| Dr. Almeroth | ’491 | 11-16 | Ground 7 | MirrorLink | Obviousness |
| Dr. Almeroth | ’560 | 11-13, 15 | Ground 3 | SYNC Gen 1 | Anticipation |
| Dr. Almeroth | ’560 | 11-13, 15 | Ground 5 | SYNC Gen 2 | Anticipation |
| Dr. Almeroth | ’560 | 11-13, 15-16 | Ground 6 | MirrorLink | Obviousness |
| Mr. Wilson | ’100 | 1-3, 7, 17-19, 23 | Ground 1 | Litichever | Obviousness |
| Mr. Wilson | ’100 | 1-3, 7, 17-19, 23 | Ground 2 | Knechtel | Obviousness |
| Mr. Wilson | ’100 | 1-3, 7, 17-19, 23 | Ground 3 | Mabuchi | Obviousness |

The grounds addressed in this motion fail for two independent and dispositive reasons. First, for the SYNC-only grounds, Defendants’ expert concedes that the prior art systems do not disclose the “two or more BLUETOOTH transceivers” limitation and provides no analysis to supply that limitation. Those concessions are fatal to both anticipation and any corresponding obviousness theory. Second, for the MirrorLink grounds and the three ’100 patent grounds, Defendants fail to offer a legally sufficient obviousness analysis. Their experts do not identify missing claim limitations, do not propose modifications to the prior art to account for those limitations, and do not articulate any motivation for a POSITA to make such modifications. As a result, none of these grounds presents a triable issue of fact.

## IV. STATEMENT OF UNDISPUTED MATERIAL FACTS

### A. SYNC Generation 1 and Generation 2 Grounds

1. Claims 11 of the ’491 and ’560 patents require “two or more BLUETOOTH transceivers.” Ex. A ¶¶ 349, 715, 840 (Almeroth Opening Report).

2. Dr. Almeroth's report identifies only "at least one Bluetooth transceiver" in the SYNC Generation 1 and Generation 2 systems. *Id.* ¶¶ 350-351, 716-717, 841-842. The report does not identify the presence of a second Bluetooth transceiver in those systems.

3. Dr. Almeroth does not contend that the SYNC Generation 1 or Generation 2 systems literally discloses "two or more BLUETOOTH transceivers." *Id.*

4. Instead, Dr. Almeroth opines that this limitation is satisfied because, for purposes of infringement, AutoConnect has argued that the limitation is satisfied under the doctrine of equivalents and "at least under that theory," SYNC Generation 1 and SYNC Generation 2 discloses the limitation. *Id.* ¶¶ 351, 717, 842.

5. In his obviousness analysis for SYNC Generation 1, Dr. Almeroth states that limitations not expressly addressed are disclosed "for the reasons discussed" in his anticipation analysis. *Id.* ¶ 426.

6. Dr. Almeroth does not provide any obviousness analysis addressing the absence of the "two BLUETOOTH transceivers" limitation. *Id.* ¶¶ 426-29.

**B. MirrorLink Grounds**

1. Dr. Almeroth asserts that MirrorLink "anticipates or renders obvious" claims 11–16 of the '491 patent and claims 11-13 and 15-16 of the '560 patent. *Id.* §§ VI.A.7; VI.B.6 (headers).

2. Dr. Almeroth's report does not identify any differences between MirrorLink and the asserted claims. *See generally id.* §§ VI.A.7; VI.B.6.

3. Dr. Almeroth does not identify any modifications to MirrorLink to meet the asserted claims. *Id.*

4. Dr. Almeroth does not identify any motivation for a POSITA to modify MirrorLink to meet the asserted claims. *Id.*

5. Dr. Almeroth does not provide a limitation-by-limitation obviousness analysis for MirrorLink. *Id.*

### C. ’100 Patent Grounds

1. Mr. Wilson sets forth his invalidity opinions for Litichever Ground 1, Knechtel Ground 2, and Mabuchi Ground 3 in the body of his report in combination with appendices D1–D3. Ex. B § V.A.3., ¶ 173 (Wilson Report with Appendices).

2. Appendices D1–D3 include statements that any missing limitations would have been obvious based on “general knowledge” or other prior art. *Id.* App’x ¶ 174, D1-D3 (at 2).

3. Mr. Wilson does not provide a limitation-by-limitation obviousness analysis for Litichever, Knechtel, or Mabuchi. *Id.* §§ V.A.3-V.A.5.

4. Mr. Wilson does not identify any specific knowledge of a POSITA that would supply any allegedly missing claim limitations. *Id.*

5. Mr. Wilson does not identify any specific modifications to Litichever, Knechtel, or Mabuchi to arrive at the claimed inventions. *Id.*

6. Mr. Wilson does not identify any motivation for a POSITA to make such modifications with a reasonable expectation of success. *Id.*

## V. LEGAL STANDARDS

### A. Anticipation

A claim is anticipated only if each and every limitation of the claim is disclosed in a single prior art reference. *Navico Inc. v. Garmin Int’l, Inc.*, No. 2:16-CV-00190-JRG-RSP, 2017 WL 3816110, at *2 (E.D. Tex. Aug. 16, 2017) (citing *Schering Corp. v. Geneva Pharms.*, 339 F.3d 1373, 1377 (Fed. Cir. 2003)). Thus, to obtain summary judgment of no anticipation by an allegedly invalidating reference, the patentee must show no reasonable jury could find the asserted reference includes each limitation of the allegedly invalid claim. *Id.* (citing *Amgen Inc. v. F. Hoffman-La*

*Roche Ltd.*, 580 F.3d 1340, 1352 (Fed. Cir. 2009) ("[T]he court properly grants summary judgment if no reasonable jury could return a verdict for the non-moving party.").

"That which would *literally* infringe if later in time anticipates if earlier than the date of invention." *Lewmar Marine, Inc. v. Barient, Inc.*, 827 F.2d 744, 747 (Fed. Cir. 1987) (emphasis original). "All infringements of a device do not 'anticipate' in this sense. Some may be infringements under the doctrine of equivalents which, if one wished to draw a parallel, is somewhat akin to obviousness." *Id.* at 748.

**B. Obviousness**

A patent is invalid under 35 U.S.C. § 103(a) "if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains." Obviousness is a question of law based on underlying findings of fact. *Novartis AG v. Torrent Pharms. Ltd.*, 853 F.3d 1316, 1327 (Fed. Cir. 2017). "[A] patent can be obvious in light of a single prior art reference if it would have been obvious to modify that reference to arrive at the patented invention." *Arendi S.A.R.L. v. Apple Inc.*, 832 F.3d 1355, 1361 (Fed. Cir. 2016).

Conclusory opinions by an expert are insufficient to prove obviousness. *Motorola Mobility, LLC v. Int'l Trade Comm'n*, 737 F.3d 1345, 1350-51 (Fed. Cir. 2013) (affirming finding of nonobviousness where accused infringer's expert offered only "conclusory and generalized" statements about obviousness and failed to provide any explanation as to how the prior art rendered the claims obvious); *see also ActiveVideo Networks, Inc. v. Verizon Comms. Inc.*, 694 F.3d 1312, 1327-28 (Fed. Cir. 2012) (affirming JMOL overturning jury's obviousness verdict because accused infringer's expert testimony was "generic and bears no relation to any specific combination of prior art elements.").

## VI. ARGUMENT

### A. SYNC Generation 1 and 2 Do Not Anticipate or Render Obvious Claims 11-15 of the '491 Patent or Claims 11-13 and 15 of the '560 Patent Because They Undisputedly Lack "Two BLUETOOTH Transceivers."

Defendants' anticipation and obviousness theories based solely on the SYNC Gen 1 and SYNC Gen 2 systems fail as a matter of law because Dr. Almeroth concedes that these systems do not disclose the "two or more BLUETOOTH transceivers" limitation required by asserted claims 11-15 of the '491 patent and claims 11-13 and 15 of the '560 patent. Specifically, this motion is directed to Ground 3 (anticipation based on SYNC Gen 1) and Ground 4 (obviousness based solely on SYNC Gen 1) for the '491 patent, and Ground 3 (anticipation based on SYNC Gen 1) and Ground 5 (anticipation based on SYNC Gen 2) for the '560 patent. Without evidence that this limitation is present in the prior art, no reasonable jury could find anticipation, and Defendants' obviousness theory likewise fails for lack of any analysis addressing this missing element.

Independent claim 11 of both the '491 and '560 patents require a "vehicle communication system, comprising: two or more BLUETOOTH transceivers." Dr. Almeroth's report acknowledges that this limitation is not literally present in the SYNC Gen 1 system. He identifies only "at least one Bluetooth transceiver" and does not identify any second Bluetooth transceiver. Ex. A ¶¶ 350-351, 716-717. Instead, Dr. Almeroth relies on AutoConnect's equivalence positions, stating he "understand[s] for purposes of infringement, AutoConnect has argued that 'vehicles that connect multiple devices through a Bluetooth implementation that does not include two Bluetooth transceivers' satisfies the claims under the doctrine of equivalents." *Id.* He then concludes that "[a]t least under that theory, SYNC Generation 1 discloses this limitation, because it discloses connecting to multiple devices using Bluetooth." *Id.*

Dr. Almeroth confirmed these points in his deposition. When asked whether SYNC Gen 1 discloses "two Bluetooth transceivers," he testified: "Not as separate distinct transceivers." Ex. C

at 247:10-249:20. As the Court's claim construction order indicates, the claim "expressly recites distinct transceivers." Dkt. 165 at 28-29. Dr. Almeroth further admitted that he is not aware of any evidence that SYNC Gen 1 includes two Bluetooth transceivers, stating: "I believe that to be the case." *Id.* Rather than identifying a second transceiver, he relied on the view that "one Bluetooth transceiver is sufficient to meet the requirements of the claim." *Id.* Dr. Almeroth's opinions and these admissions eliminate any genuine dispute that the claimed limitation is absent from the SYNC Gen 1 system.

That absence is dispositive of anticipation. Anticipation requires that "each and every limitation of the claim is literally present in a single prior art reference." *Navico*, 2017 WL 3816110 at *2 (citing *Schering*, 339 F.3d at 1377). The doctrine of equivalents cannot supply a missing limitation for purposes of anticipation. *Lewmar*, 827 F.2d at 748. Because Dr. Almeroth does not—and cannot—identify "two or more BLUETOOTH transceivers" in SYNC Gen 1, summary judgment of no anticipation is appropriate as to Ground 3 for the '491 patent (claims 11–15) and Ground 3 for the '560 patent (claims 11–13 and 15).

Dr. Almeroth's anticipation opinions for SYNC Gen 2 suffer from the same defect. His analysis of the "two or more BLUETOOTH transceivers" limitation repeats his SYNC Gen 1 analysis and likewise fails to identify a second Bluetooth transceiver. *Compare* Ex. A ¶¶ 350-351, 716-717 *with id.* ¶¶ 841-842. Instead, he again relies on a doctrine-of-equivalents theory. *Id.* ¶¶ 841-842 (apparently copying the allegation from the SYNC Gen 1 analysis based on the reference to SYNC Gen 1 for the SYNC Gen 2 allegation). Accordingly, Ground 5 for the '560 patent—based on SYNC Gen 2 alone—also fails as a matter of law, and summary judgment of no anticipation is appropriate for claims 11-13 and 15 of the '560 patent as to that ground.

Defendants' obviousness theory in Ground 4 for the '491 patent—based solely on the SYNC Gen 1 system—fails for the same reason. In Ground 4, Dr. Almeroth opines that claims 11-15 of the '491 patent would have been obvious in view of SYNC Gen 1 system, but he does not analyze the "two or more BLUETOOTH transceivers" limitation at all. Ex. A ¶¶ 426-429. Instead, he states that any limitations not addressed below are disclosed by SYNC Generation 1 "for the reasons discussed in Ground 3." *Id.* ¶ 426. But in Ground 3, he concedes that SYNC Gen 1 does not include the required "two or more BLUETOOTH transceivers."

That omission is dispositive. An obviousness analysis must address each claim limitation and explain how the prior art discloses or renders it obvious. Dr. Almeroth provides no such analysis. Nor can his doctrine-of-equivalents reasoning substitute for the required analysis under § 103. *Lewmar*, 827 F.2d at 748 (noting that the doctrine of equivalents was, "if one wished to draw a parallel, … somewhat akin to obviousness."). Because Defendants have failed to present evidence or analysis addressing a required claim limitation, no reasonable jury could find that SYNC Gen 1 renders claims 11–15 of the '491 patent obvious. Summary judgment of no obviousness is therefore appropriate as to Ground 4 for the SYNC Gen 1 system alone.

### B. MirrorLink Does Not Render Obvious Claims 11-16 of the '491 Patent or Claims 11-13 and 15 of the '560 Patent Because Defendants Offer No Evidence or Analysis Supporting an Obviousness Theory.

Defendants' theories that MirrorLink renders claims 11-16 of the '491 patent and claims 11-13 and 15 of the '560 patent obvious fail as a matter of law because Defendants offer no evidence or analysis supporting an obviousness theory. Although Dr. Almeroth asserts in conclusory fashion that "MirrorLink anticipates or renders obvious" these claims, his report contains no substantive obviousness analysis based on MirrorLink. Ex. A §§ VI.A.7, VI.B.6.

To establish obviousness, Defendants must identify the differences between the prior art and the claimed invention, explain what modifications a person of ordinary skill in the art would

have made to bridge those differences, and provide a reason why such a person would have been motivated to make those modifications with a reasonable expectation of success. *See KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 417-18 (2007). Dr. Almeroth does none of this. His report does not identify any differences between MirrorLink and the asserted claims, does not propose any modification to MirrorLink to account for missing claim limitations, and does not articulate any motivation that would have led a person of ordinary skill to arrive at the claimed inventions. *See generally, id.*, §§ VI.A.7; VI.B.6.

Instead, Dr. Almeroth merely includes generalized statements in section headers asserting that MirrorLink "renders obvious" the asserted claims, without any supporting analysis. *See id.* §§ VI.A.7, VI.B.6. Such conclusory assertions are insufficient to create a genuine dispute of material fact on obviousness. *Nanology Alpha LLC v. WITec Wissenschaftliche Instrumente und Technologie GmbH*, Civ. No. 6:16-cv-00445-RWS, 2018 WL 4289342, at *5-6 (E.D. Tex. Jul. 11, 2018) (granting summary judgment of no obviousness where expert's "obviousness analysis [was] incomplete and his opinion [was] conclusory and unsupported by evidence").

Because Defendants have failed to present any evidence or analysis supporting an obviousness theory based on MirrorLink, no reasonable jury could find that MirrorLink renders claims 11–16 of the '491 patent or claims 11–13 and 15 of the '560 patent obvious. Summary judgment of no obviousness is therefore appropriate as to these MirrorLink-based grounds.

### C. Litichever, Knechtel, and Mabuchi Do Not Render the '100 Patent Claims Obvious Because Defendants Do Not Identify Missing Limitations or How POSITA Knowledge Would Supply Them.

Defendants' obviousness theories based on Litichever, Knechtel, and Mabuchi fail as a matter of law because they rely on conclusory and boilerplate assertions rather than a limitation-specific obviousness analysis. Mr. Wilson does not identify any missing claim limitations, does

not explain what knowledge of a POSITA would supply those limitations, and does not articulate how or why a POSITA would modify the prior art to arrive at the claimed inventions.

Mr. Wilson sets forth his analysis of these references in Appendices D1-D3. *See generally* Ex. B. Each appendix includes generalized statements that, to "the extent that [the reference] does not disclose any elements of this claim limitation, it would have been obvious to a person having ordinary skill in the art to combine, with the teachings of [the reference], those elements, as known to them or as disclosed by other prior art identified in the cover pleading." *E.g.*, *id.* App'x D-1 at 30, 35, 38. The body of Mr. Wilson's report similarly provides only high-level statements regarding what was allegedly known in the art, without identifying any specific references, modifications, or reasoning connecting the prior art to the claimed inventions. *See generally id.* §§ V.A.4, V.A.5.

Mr. Wilson's deposition testimony confirms the absence of any meaningful obviousness analysis. He testified that his single-reference obviousness opinions are non-specific and only present as a "back-up" for his anticipation theories. Ex. D at 141:19-23. With respect to his opinions relating to the Litichever reference, Mr. Wilson testified that he could not identify any missing limitations that he would supply with the knowledge of a POSITA but that the knowledge of a POSITA "could help fill gaps if they're brought up." *Id.* at 142:4-8. When asked to specifically identify where he relied on the knowledge of a POSITA, he was unable to do so and simply referred back to his appendices, which contain his anticipation analysis. *Id.* at 142:9-143:11. He further testified that to the extent AutoConnect contends any limitation is missing, he believes it would be obvious to a POSITA to fill the gaps and that he had not "gone through and identified every spot where the knowledge of a POSITA might be applied." *Id.* at 143:12-146:2.

Mr. Wilson provided similar testimony with respect to the Knechtel and Mabuchi references. *Id.* at 151:7-12; 152:2-6; 154:9-154:14.

Consistent with that testimony, Mr. Wilson does not identify how a POSITA would modify any of the these references to arrive at the claimed invention, what specific modifications would be required, or why a POSITA would have been motivated to make such modifications with a reasonable expectation of success. Ex. B §§ V.A.3-V.A.5; App'x D1-D3; Ex. D at 154:14-155:18 (explaining that his report does not include motivations to modify Mabuchi). Instead, he relies on generalized assertions that any missing elements would have been obvious based on "general knowledge" or other unspecified prior art. *Id.* Such conclusory statements are insufficient as a matter of law to support an obviousness theory.

The Federal Circuit has repeatedly rejected obviousness theories based on generalized or unsupported expert assertions about "common knowledge" of a POSITA. *Motorola*, 737 F.3d at 1350-51 (affirming finding of nonobviousness where accused infringer's expert offered only "conclusory and generalized" statements about obviousness and failed to provide any explanation as to how the prior art rendered the claims obvious); *ActiveVideo*, 694 F.3d at 1327-28 (affirming JMOL overturning the jury's obviousness verdict because accused infringer's expert testimony was "generic and bears no relation to any specific combination of prior art elements.").

Because Defendants offer no evidence identifying missing limitations, no explanation of how POSITA knowledge would supply those limitations, and no motivation to modify Litichever, Knechtel, or Mabuchi, no reasonable jury could find the asserted claims of the '100 patent obvious on these grounds. Summary judgment of no obviousness is therefore appropriate.

## VII. CONCLUSION

Based on the foregoing, AutoConnect respectfully requests that the Court grant summary judgment of no anticipation or obviousness for the above-identified grounds.

Dated: April 13, 2026

**AVANTECH LAW, LLP**

By: */s/ William R. Woodford*

William R. Woodford (LEAD) (#0322593)
woodford@avantechlaw.com
80 South 8th Street, Suite 900
Minneapolis, MN 55402
Tel: (855) 750-9951
Fax: (612) 484-2001

***Attorney for Plaintiff AutoConnect Holdings LLC***

Todd S. Werner *(pro hac vice)*
werner@avantechlaw.com
Jason M. Zucchi (*pro hac vice*)
zucchi@avantechlaw.com
Shelleaha L. Jonas (*pro hac vice*)
jonas@avantechlaw.com
**AVANTECH LAW, LLP**
80 South 8th Street, Suite 900
Minneapolis, MN 55402
Tel: (855) 750-9951
Fax: (612) 484-2001

Julianne Thomsen (*pro hac vice*)
thomsen@avantechlaw.com
**AVANTECH LAW, LLP**
521 5th Avenue, 17th Floor
New York, NY 10175-0038
Tel: (855) 750-9951
Fax: (612) 484-2001

Kathryn A. Quisenberry (Bar. No. 24105639)
quisenberry@avantechlaw.com
Russell Rodriguez (Bar No. 24126973)
rodriguez@avantechlaw.com
**AVANTECH LAW, LLP**
1000 Main Street, Suite 2300
Houston, TX 77002
Tel: (855) 750-9951
Fax: (612) 484-2001

Andrea Fair (Bar No. 24078488)
andrea@millerfairhenry.com
Garrett Parish (Bar No. 24125824)
garrett@millerfairhenry.com
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Parkway
Longview, TX 75604
Tel: (903) 757-6400
Fax: (903) 757-2323

Ashley E. LaValley (*pro hac vice*)
lavalley@avantechlaw.com
**AVANTECH LAW, LLP**
111 West Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (855) 750-9951
Fax: (612) 484-2001

***Attorneys for Plaintiff AutoConnect Holdings LLC***

**CERTIFICATION OF SERVICE**

This is to certify that on April 13, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ William R. Woodford*
William R. Woodford