**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| AUTOCONNECT HOLDINGS LLC, | § | |
| *Plaintiff*, | § | |
| v. | § | Case No. 2:24-cv-00802-JRG-RSP |
| | § | |
| TOYOTA MOTOR CORPORATION, ET. AL., | § | (Lead Case) |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM ORDER**

Before the Court is Plaintiff's Motion for Reconsideration. **Dkt. No. 323**. In its Motion, Plaintiff seeks reconsideration of the Report and Recommendation (Dkt. No. 317), which found that the Toyota defendants held a license to the asserted patents, through a prior license agreement with Taurus IP, LLC, an entity controlled by Erich Spangenberg. *Id.* at 1. Plaintiff contends that Defendant Toyota's discovery conduct justifies supplementation of the summary judgment record to include a lengthy declaration from Mr. Spangenberg. *Id.* Plaintiff argues that reconsideration is justified on this supplemented record, since this declaration allegedly creates a genuine dispute of material fact over Mr. Spangenberg's control of IP Optimum, a prior owner of the asserted patents. *Id.* On October 21, 2026, the Court held a hearing on the Motion. Having considered the Motion, the Court finds that Plaintiff's arguments do not show misrepresentations or misconduct by Toyota, that Plaintiff was not diligent in pursuing discovery from Mr. Spangenberg, and that the provided declaration from Mr. Spangenberg would not change the Court's prior findings in any event.

Plaintiff contends that correspondence from Toyota's counsel, which stated that "we do not have an update…as far as we know Mr. Spangenberg is not represented by counsel, and there is no deposition currently scheduled," constitutes a misrepresentation and deprived Plaintiff of the opportunity to depose Mr. Spangenberg. *Id.* at 4. The Court disagrees. While Plaintiff may interpret

this to imply Mr. Spangenberg's unavailability, the email provides no indication of his actual availability. Plaintiff's failure to further investigate Mr. Spangenberg demonstrates a complete lack of diligence in pursuing discovery from him. Since late 2025, when Plaintiff was first aware of the license defense, and until after the Court issued its report and recommendation on July 10, 2026, Plaintiff never sought to contact Mr. Spangenberg. Instead, Plaintiff relied on its interpretation of statements by opposing counsel to conclude that Mr. Spangenberg was unavailable. Plaintiff concedes that it had Spangenberg's contact information long before filing suit, and that Spangenberg promptly responded when its counsel eventually did reach out to him. This reliance, without independent investigation, was unreasonable and does not constitute diligence. In the absence of demonstrated misrepresentation or misconduct by Toyota, this does not justify supplementation of the summary judgment record.

Regardless of whether the record is formally supplemented, the Court finds that Mr. Spangenberg's declaration raises no material inconsistencies with the report and recommendation. In its Motion, and in oral argument, Plaintiff points to portions of Mr. Spangenberg's declaration, which argue that Mr. Murphy – not Mr. Spangenberg – owned IP Optimum. *See* Dkt. No. 324-10 (Spangenberg Declaration) at ⁋⁋ 6-7, 15, 17, 19, 20, 25, 34-35, 37. While these facts may indicate that Mr. Spangenberg did not *directly* control IP Optimum, the license agreement also covered entities *indirectly* controlled by Mr. Spangenberg. The Court's report and recommendation found that "Toyota's evidence overwhelmingly shows *indirect* control of IP Optimum by Mr. Spangenberg, despite Mr. Murphy's nominal ownership." *See* Dkt. No. 317 at 9. Mr. Spangenberg's declaration supports this conclusion, and the Court finds that Plaintiff fails to identify any portions inconsistent with Court's understanding of the facts of its report and recommendation. The declaration repeatedly shows that Spangenberg identified the asserted

patents, caused the creation and funding of IP Optimum to receive the patents, directed the day-to-day operations and monetization efforts, funded and directed the prosecution and sale efforts, and more—with all "significant" decisions merely remaining "subject to Murphy's approval." *See* Dkt. No. 324-10 (Spangenberg Declaration) at ⁋⁋ 5, 12, 16, 22, 25-26, 30, 32.

It bears repeating that this license was expressly intended to create for Toyota "a universal 'litigation peace,' including with respect to any and all patents which Spangenberg and the Spangenberg Related Entities have ever owned, currently own or may acquire." Dkt. No. 216-2 at 2. Spangenberg Related Entities were expressly defined to mean "any Person or entity owned or controlled, directly or indirectly, by Spangenberg … ." *Id.* at 3. The fact that Spangenberg directed the patents to a brand new entity formed for one of the directors of his primary entity, but continued to treat them thereafter as though they were his own (as shown in the emails), does not render that new entity beyond his indirect control. Therefore, the Court **DENIES** Plaintiff's Motion For Reconsideration.

**SIGNED this 21st day of October, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE